UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORIGINAL

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - v. -

LEO HERNANDEZ,

            Defendant.

:
:   **SEALED INDICTMENT**
:
:   **20 Cr.**
:
:
:
:
:

- - - - - - - - - - - - - - - - - 20 CRIM 79

**COUNT ONE**

The Grand Jury charges:

1.    From at least in or about 2014, through in or about 2018, in the Southern District of New York and elsewhere, LEO HERNANDEZ, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2.    It was a part and an object of the conspiracy that LEO HERNANDEZ, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances in violation of Title 21, United States Code, Section 841(a)(1).

3.    The controlled substances that LEO HERNANDEZ, the defendant, and others known and unknown, conspired to distribute and possess with intent to distribute were quantities of

mixtures and substances containing detectable amounts of
oxycodone, oxymorphone, morphine sulfate, and amphetamine, each
a Schedule II controlled substance, in violation of Title 21,
United States Code, Sections 841(a)(1) and (b)(1)(C).

(Title 21, United States Code, Section 846.)

### FORFEITURE ALLEGATIONS

4.   As a result of committing the offense alleged in
Count One of this Indictment, LEO HERNANDEZ, the defendant,
shall forfeit to the United States, pursuant to Title 21, United
States Code, Section 853, any and all property constituting, or
derived from, any proceeds obtained, directly or indirectly, as
a result of said offenses and any and all property used, or
intended to be used, in any manner or part, to commit, or to
facilitate the commission of, said offenses, including but not
limited to a sum of money in United States currency representing
the amount of proceeds traceable to the commission of said
offense.

### Substitute Asset Provision

5.   If any of the above-described forfeitable
property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due
diligence;

b.   has been transferred or sold to, or deposited

2

with, a third party;

        c.   has been placed beyond the jurisdiction of the court;

        d.   has been substantially diminished in value; or

        e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

                (Title 18, United States Code, Section 981;
            Title 21, United States Code, Section 853; and
             Title 28, United States Code, Section 2461.)

Foreperson  1/28/20

GEOFFREY S. BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

### UNITED STATES OF AMERICA

v.

### LEO HERNANDEZ,

Defendant.

---

### SEALED INDICTMENT

### 19 Cr. ___

(21 U.S.C. § 846)

GEOFFREY S. BERMAN
United States Attorney

_Wendy Kenney_

1/28/20   FILED INDICTMENT   1/28/20

COTT, USMJ